# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:15-CR-25-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **JOSE LUIS SERVIN-ESCALERA (3)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On October 6, 2022, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offenses of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 1.5 Kilograms of Methamphetamine, a Class C felony, Defendant Jose Luis Servin-Escalera was sentenced on October 14, 2016 by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of I, was 135 to 168 months. Defendant was sentenced to 96 months of imprisonment, followed by a 3-year term of supervised release on each count to run concurrently. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include deportation, financial disclosure, and drug aftercare.

The case was reassigned to Judge Jeremy D. Kernodle on February 27, 2019.  Defendant completed his term of imprisonment and started his term of supervised release on January 21, 2022.

### *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on July 27, 2022, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on February 27, 2022 at or near San Luis, Arizona for Reentry of Removed Aliens (a felony) and Improper Entry by Alien (a misdemeanor).

2. **Allegation 2 (special condition):  As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, the defendant shall remain outside of the United States.  In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country.**  It is alleged that Defendant, an alien, was found in the United States of America on or about February 27, 2022, at or near San Luis, in the District of Arizona, after having been denied admission, excluded, deported, and removed from the United States through San Ysidro, California, on January 22, 2022, and without obtaining the express consent of the Attorney General or the Secretary of the Department of Homeland Security.

3. **Allegation 3 (mandatory condition):  The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant was convicted of Illegal Entry (a misdemeanor) in the District of Arizona on March 29, 2022.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Reentry of Removed Alien as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline range for a Grade B violation is 4 to 10 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by being convicted of Illegal Reentry and entering the United States after being deported as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

### Hearing

On October 6, 2022, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of 5 months of imprisonment, with time credit beginning on May 12, 2022, with no

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 5 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 5 months of imprisonment, with credit for time in custody beginning on May 12, 2022, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 5 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 6th day of October, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE